UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-01882

**Ascanio Bautista,**
*Petitioner,*
v.
**Vergara, et al.,**
*Respondents.*

## ORDER

Luis Enrique Ascanio Bautista is a citizen of Mexico currently being detained by Respondents pursuant to 8 U.S.C. § 1225(b)(2)(A). He filed a petition for a writ of habeas corpus demanding immediate release and an injunction against removing Petitioner from Texas. Petitioner also filed a notice of voluntary dismissal. Because his notice of voluntary dismissal followed Respondent's show-cause response and his detention is lawful, his petition, request for dismissal, and request for an injunction are all denied.

## BACKGROUND

Petitioner first entered the United States in May 2002 with a work visa. On October 14, 2003, Petitioner was charged with operating under the influence and received probation. Petitioner returned to Mexico in April 2004 because of the deadline to renew his visa. Petitioner subsequently re-entered the United States without inspection in July 2004 and has remained since. On June 7, 2026, Petitioner was taken into federal immigration custody following a traffic stop. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas.

On July 9, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release and an injunction against his removal from Texas. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered. On August 20, 2026, after Respondents responded, Petitioner filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i). The Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the

facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

### A. Notice of Voluntary Dismissal

Petitioner's notice of voluntary dismissal is defective. Federal Rule of Civil Procedure 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment. FED. R. CIV. P. 41(a)(1)(A)(i). Typically, a plaintiff's "notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016). Here, however, Respondents have answered. ECF No. 5. Voluntary dismissal without a court order is also not permitted by Rule 41(a)(1)(A)(ii) because the notice is not signed by all parties who have appeared. FED. R. CIV. P. 41(a)(1)(A)(ii).

Because Petitioner's notice of voluntary dismissal does not comply with Rule 41(a)(1)(A), the Court treats it as a motion for voluntary dismissal under Rule 41(a)(2). *See e.g., Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019) (treating a Rule 41(a)(1) motion as a Rule 41(a)(2) motion as to the defendant who had appeared). In light of the stage of the litigation, the briefing and motions practice already undertaken, an insufficient explanation of the asserted need to dismiss, and the risk of legal prejudice to Respondents, the Court denies Petitioner's Rule 41(a)(2) motion to voluntarily dismiss this case without prejudice. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317–18 & n.3 (5th Cir. 2002).

**B. Petition for Writ of Habeas Corpus**

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Immigration and Nationality Act, bond regulations, and the Administrative Procedure Act. His arguments, however, fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statute nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either. For the reasons set forth *supra* and Parts I–III of this Court's decision in *Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240 (W.D. Tex. June 8, 2026), the Court denies the petition.[1]

**C. Request for Injunctive Relief**

Petitioner requests the Court "[o]rder that Defendants not remove Petitioner from the State of Texas[.]" ECF No. 1 at p. 8. To the extent Petitioner is requesting an injunction against *transfer* outside the state of Texas, he is not entitled to such

[1] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *vacated on reh'g en banc*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (en banc) (mem) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs, Miss.*, 763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. July 21, 2026) (en banc) (mem) (per curiam), does not preclude this Court from adjudicating or entering final judgment in this case.

relief. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of Texas. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a TRO restraining the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). To the extent Petitioner is requesting an injunction against his *removal* from the United States, he has presented no persuasive reason for the Court to grant such relief. Even if he had, the Court would lack jurisdiction to do so. *See* 8 U.S.C. § 1252(g). Petitioner's request for an injunction is denied.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on August 27, 2026.*

ANDREW DAVIS
United States District Judge